# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

_____

MUNTHER MAHMOUD

       Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC
MICHAEL T. PHILLIPS
TODD TRYON
DETENTION CENTER OFFICER CAPTAIN
VOHWINKEL
DETENTION OFFICER CAPTAIN TORRES
DETENTION OFFICER LIEUTENANT O'NEIL
DETENTION OFFICER LIEUTENANT SMITH
DETENTION OFFICER LIEUTENANT HERITAGE
DETENTION OFFICER LIEUTENANT SPIOTTA
DETENTION OFFICER LIEUTENANT KOWALSKI
DETENTION OFFICER LIEUTENANT SCIMIA
BUFFALO FEDERAL DETENTION FACILITY
HEALTH SERVICES DIRECTOR JOHN/JANE DOE
JOHN/JANE DOE PHYSICIANS
JOHN/JANE DOE PHYSICIAN ASSISTANTS
JOHN/JANE DOE NURSES
DETENTION OFFICERS JOHN DOE 1-5

       Defendants.

Case No. 21-cv-00013
(ERK) (JRC)

_____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ....................................................................... ii

INTRODUCTION .................................................................................... 1

COMPLIANCE WITH CONDITIONS PRECEDENT ............................ 1

PRELIMINARY STATEMENT .............................................................. 2

FACTUAL BACKGROUND .................................................................. 3

ARGUMENT ........................................................................................ 8

POINT I: PLAINTIFF AND HIS COUNSEL HAVE REFUSED REPEATED
    REQUESTS TO CEASE PURSUIT OF AN OBJECTIVELY
    UNREASONABLE AND UNTENABLE SERIES OF CLAIMS BASED
    UPON UNDENIABLY FABRICATED ALLEGATIONS ............................... 8

    A. The Standard for Awarding Sanctions and Costs .................................... 8

    B. Rule 11 Sanctions Are Warranted Against Mr. Mahmoud Because
       He Fabricated The Factual Claims Contained In The Pleadings .... 10

    C. Rule 11 Sanctions Are Warranted Against Plaintiff's Counsel Because
       Counsel Knowingly Contacted A Represented Party And Commenced
       And Continues to Pursue An Action That is Objectively Unreasonable,
       Frivolous, And Untenable ..................................................................... 12

CONCLUSION ...................................................................................... 14

# TABLE OF AUTHORITIES

Page

**Cases**

*Chambers v. NASCO, Inc.*,
501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) ...................................... 10

*Cole v. Stephen Einstein & Assocs., P.C.*,
365 F. Supp. 3d 319, 336 (W.D.N.Y. 2019) ............................................................ 9

*Corroon v. Reeve*,
258 F.3d 86, 92 (2d Cir. 2001) ................................................................................ 9

*Eastway Constr. Corp. v. City of New York*,
762 F.2d 243, 254 (2d Cir. 1985) ............................................................................ 9

*Kropelnicki v. Siegel*,
290 F.3d 118, 131 (2d Cir. 2002) ............................................................................ 9

*Mahmoud v. Akima Global Services, LLC et al*,
1:18-cv-00485-JLS .............................................................................................. 2, 5

*Mahmoud v. Akima Global Services, LLC et al*,
Kings County Supreme Court, Index No. 517976/2020 ................................ 5, 7, 12

*Margo v. Weiss*,
213 F.3d 55, 65 (2d Cir.2000) ................................................................................. 9

*Revson v. Cinque & Cinque, P.C.*,
221 F.3d 71, 78 (2d Cir. 2000) .............................................................................. 10

*Roadway Exp., Inc. v. Piper*,
447 U.S. 752, 766 (1980) ...................................................................................... 11

*Sorenson v. Wolfson*,
683 F. App'x 33, 35 (2d Cir. 2017) .................................................................... 9, 11

*Walker v. Smith*,
277 F.Supp.2d 297, 301 (S.D.N.Y. 2003) ............................................................ 10

**Federal Statutes**

28 U.S.C. § 1927 ...................................................................................................... 9

**Rules and Regulations**

Federal Rules of Civil Procedure

Rule 11 ...................................................................................... *passim*

Rule 11(b)(1) ............................................................................ 1, 10

Rule 11(b)(2) ................................................................................. 10

Rule 11(b)(3) ................................................................................. 10

Rule 11(b)(4) ................................................................................... 1

Rule 11(c)(2) ......................................................................... 1, 4, 14

New York Rules of Professional Conduct

Rule 1.0(k) .................................................................................... 13

Rule 4.2(a) ............................................................................... 12, 13

## INTRODUCTION

Defendant Akima Global Services, LLC, ("Akima") and the following individually named defendants: Vohwinkel, Torres, O'Neil, Smith, Heritage, Spiotta, Kowalski, and Scimia (collectively, the "Akima Defendants" and/or "Defendants"), by their attorneys, Lippes Mathias Wexler Friedman LLP ("Lippes Mathias"), move this Court for an Order imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11")—and specifically, pursuant to Fed. R. Civ. P. 11(b)(1)-(4)—against Plaintiff Munther Mahmoud ("Plaintiff") and his counsel, Chopra & Nocerino, LLP ("Chopra Nocerino"), and its individual attorneys Alex Nocerino, Esq., Ramy Joudeh, Esq., Brett Kuller, Esq., and Howard Greenwald, Esq., for the continued pursuit of frivolous claims or contentions raised in a pleading or non-discovery motion after notice that those claims are no longer tenable.

## COMPLIANCE WITH CONDITIONS PRECEDENT

In accordance with Rule 11(c)(2) of the Federal Rules of Civil Procedure, Lippes Mathias provided Plaintiff's Counsel with notice that unless Plaintiff dismissed its Complaint within twenty-one (21) days after service of this Motion, Defendants would file the instant motion at the appropriate time in this action. Specifically, on April 1, 2021, counsel for Defendants provided notice and a draft of the motion and this memorandum of law by email to Plaintiff's counsel. See Declaration of Dennis C. Vacco in Support of the instant Motion ("Vacco

Declaration"). Twenty-one (21) days have since elapsed and the Complaint has not been corrected or the instant action dismissed.

**PRELIMINARY STATEMENT**

Chopra Nocerino had video evidence that Plaintiff's allegations were fabricated in June of 2019, yet chose to file the instant lawsuit more than a year later. The lawsuit was commenced in bad faith and its continued prosecution during the intervening time leaves Lippes Mathias with no choice but to move for sanctions. Plaintiff and Chopra Nocerino's relentless pursuit of frivolous claims and obstreperous conduct left the Akima Defendants with no choice but to zealously defend against fabricated claims in three separate courts. This litigation has imposed significant costs on the Akima Defendants. Those costs were needless because Plaintiff's various suits never had any merit and were exacerbated by the strategic choices made by Plaintiff and his lawyers.

By this motion, the Akima Defendants seek relief by way of an Order requiring Plaintiff to show cause why the commencement and continued pursuit of the asserted factual and legal claims did not and do not violate Fed. R. Civ. P. 11. The Akima Defendants additionally seek relief requiring Plaintiff's counsel and law firm to show cause why their pursuit of any legal claims based on the factual allegations did not constitute violations of Fed. R. Civ. P. 11 following disclosure of video footage directly refuting Plaintiff's claims.

Lastly, the Akima Defendants seek relief by way of the reasonable costs and attorney's fees accrued in defense of both the instant action and related actions

stemming from the same frivolous factual allegations previously pursued despite knowledge that the claims were objectively untenable.

The Akima Defendants hereby incorporate the Akima Defendants' motion for summary judgment and all supporting papers, served upon Plaintiff on March 31, 2021, as well as all references to the docket in *Mahmoud v. Akima Global Services, LLC* et al, 1:18-cv-00485-JLS ("*Mahmoud I*")), specifically including the Akima Defendants' Motion for Rule 11 Sanctions and supporting filings (the "Rule 11 Motion"). *Mahmoud I*, Doc. 105. True and correct copies of all referenced documents referenced herein are attached to the Declaration of Dennis C. Vacco, Esq., (the "Vacco Declaration.") dated May 4, 2021, filed simultaneously herewith. A true and accurate copy of the Security Footage referenced in the Vacco Declaration is transmitted herewith as Exhibit A to the Affidavit of Detention Lieutenant Training Supervisor Richard O'Neil.

## FACTUAL BACKGROUND

On April 26, 2018, Plaintiff, through his counsel Chopra Nocerino, filed a complaint naming approximately twenty defendants in the Western District of New York concerning an alleged incident on June 9, 2016 at the Buffalo Federal Detention Facility in Batavia, New York (the "Facility"). *Mahmoud I*, Doc. 116. On May 1, 2019, Lippes Mathias, on behalf of the Akima Defendants, filed a Motion to Dismiss for Failure to State a Claim based upon, *inter alia*, procedural and legal issues related to the pleadings. *Mahmoud I*, Doc. 87.

In the initial and twice-amended verified pleadings filed in *Mahmoud I*, Plaintiff alleged an attack so vicious and so severe that it left him literally unable to

walk, followed by defendants dragging his limp body along a circuitous route through the Facility to cause further injury. *See generally Mahmoud I,* Docs. 1, 4, and 71. Following the filing of the motion to dismiss on May 1, 2019, Lippes Mathias came to learn of June 9, 2016, video footage of Plaintiff taken from eight security cameras at the Facility with overlapping fields of view (the "Security Footage") that offered clear and insurmountable evidence that Plaintiff's allegations were fabricated and that Plaintiff's case had no objective chance of success. Exhibit E to Vacco Declaration. As is more particularly set out in the Vacco Declaration, Chopra Nocerino acknowledged receipt of the Security Footage and continued to pursue the action. As a result, Lippes Mathias provided notice and a draft of the motion pursuant to Rule 11(c)(2) on November 1, 2019. Vacco Declaration ¶ 10.

On November 26, 2019, Lippes Mathias filed the Rule 11 motion seeking sanctions and fees. *Mahmoud I,* Doc. 105. The Rule 11 Motion was based upon Plaintiff's and his counsel's failure to withdraw the case in light of video footage that foreclosed the possibility that the allegations in the complaint were legitimate. *Mahmoud I*, Doc. 105-2. Attorneys for Chopra Nocerino thereafter contacted Lippes Mathias to request consent to seek a second extension of time for an oral argument in *Mahmoud I* for personal reasons and for additional time to review the video footage. Vacco Declaration ¶ 11. Mr. Joudeh acknowledged receipt of the good faith letter served on November 1, 2019. Vacco Declaration ¶ 11. On December 4, 2019, the WDNY heard oral argument on the Motion to Dismiss and advised that the Rule 11 Motion would be held in abeyance pending a decision on the Motion to Dismiss. *Mahmoud I,* Doc. 115.

On March 12, 2020, Magistrate Judge Michael J. Roemer issued a Report and Recommendation (the "R&R") that recommended dismissal of all remaining federal claims against the Akima Defendants and declining to assert supplemental jurisdiction over any remaining state law claims. *Id.*, Doc. 116. Judge Roemer also denied, without prejudice, the Rule 11 Motion as moot in light of the R&R. *Id.* at Doc. 117. Counsel for Plaintiff Mahmoud thereafter filed two motions for extensions of time to file objections to the R&R (*Id.,* Docs. 118, 120) before filing objections on May 26, 2020 (*Id.,* Doc. 123). On July 10, 2020, Hon. John L. Sinatra adopted the R&R over Plaintiff's objections. *Mahmoud v. Akima Glob. Servs., LLC*, No. 18-CV-485 (JLS), 2020 WL 3895257, at *1 (W.D.N.Y. July 10, 2020); Vacco Declaration ¶ 14.

Lippes Mathias thereafter believed that the issues were resolved in light of the dismissal, video footage, and concerns raised in the Rule 11 Motion. However, Mr. Alex Nocerino, of Chopra Nocerino, filed a nearly identical case in state court on September 23, 2020. *Munther Mahmoud v. Akima Global Services, LLC et al*, Kings County Supreme Court, Index No. 517976/2020 ("*Mahmoud II*"). Mr. Nocerino made no discernible efforts to contact Lippes Mathias regarding the filing despite relatively recent communications regarding the same respective claims and clients. Vacco Declaration ¶ 16.

Instead, approximately two months after filing *Mahmoud II*, Mr. Nocerino sent a parcel enclosing the entirety of the *Mahmoud II* docket directly to Akima

Global Logistics, LLC, as well as care of Akima's registered agent.[1] Exhibit G to Vacco Declaration The enclosure letter is dated November 19,[2] 2020 and was delivered to Akima on November 25, 2020. *Id.* In his letter, Mr. Nocerino threatens imminent default proceedings on the grounds that Akima had allegedly been served on September 24, 2020. *Id.* A diligent search of records by Akima and its registered agent have not yielded any record of receipt of process of service from or on behalf of Chopra Nocerino or the Plaintiff prior to November 25, 2020. Exhibit H to Vacco Declaration

Lippes Mathias first came to learn of *Mahmoud II*'s existence on November 25, 2020. Vacco Declaration ¶ 16. On that day, Akima's general counsel, Mr. Ian Bolden, emailed a response to Mr. Nocerino with a copy to attorneys Mr. Dennis C. Vacco and Mr. Benjamin F. Macaluso. Exhibit H to Vacco Declaration In his note, Mr. Bolden referenced *Mahmoud I*, explained that Akima had never been served with *Mahmoud II*, and that in any case, Mr. Nocerino should contact Akima's counsel copied on the email, attorneys Vacco and Macaluso. *Id.* Both Mr. Vacco and Mr. Macaluso had communicated directly with Mr. Nocerino and his colleagues on numerous occasions during the course of *Mahmoud I*. Vacco Declaration ¶ 21.

Six days later, Mr. Nocerino responded to Mr. Bolden directly, without a copy to Akima's attorneys, with the following message:

> Dear Mr. Bolden,
>
> I just tried calling you.

[1] CT CORPORATION SYSTEM, 28 Liberty Street, New York, NY 10005.
[2] Confusingly, the letter threatens to commence default proceedings within seven days of November 18, 2020, a day before the date of the letter itself.

We filed the Summons & Complaint in Supreme Court on September 23, 2020.

We served Akima Global Services on September 24, 2020.

We then sent a default letter on November 19, 2020.

It is now December.

We are filing the Default motion if an answer is not interposed immediately.

Please be guided accordingly.

Sincerely,

Alex Nocerino

Exhibit G to Vacco Declaration

Mr. Bolden replied to Mr. Nocerino, highlighting that Mr. Nocerino's knowing and repeated contact with Akima is a violation of the New York State Rules of Professional Conduct because Akima is a represented party. *Id.* Mr. Bolden further explained that his duties include monitoring all properly served legal notices but that he could find no record of service on behalf of either Plaintiff or Chopra Nocerino. *Id.* Mr. Bolden copied Mr. Vacco and Mr. Macaluso on this response, which was sent at 2:11 p.m on December 1, 2020. *Id.*

Less than an hour later, Mr. Nocerino sent a verbatim copy of the message sent to Mr. Bolden, to Mr. Vacco. Exhibit I to Vacco Declaration Mr. Nocerino claims "I just tried calling you." *Id.* However, the message arrived as Mr. Vacco and Mr. Macaluso were actively discussing Mr. Nocerino's unusual and ethically fraught response to Mr. Bolden. Both checked their personal and office phones – there was

no record of a call or voicemail from any number associated with Mr. Nocerino's office or any mobile number attributable to Mr. Nocerino. Vacco Declaration ¶ 21.

Mr. Vacco responded to Mr. Nocerino by email to express confusion at the lack of communication given Mr. Nocerino's correspondence with Mr. Vacco and Lippes Mathias in the then-recent past. Exhibit I to Vacco Declaration. Mr. Vacco sought an extension of time to respond to the Kings County action until January 8, 2021, due to the late notice. *Id.* Mr. Vacco also instructed Mr. Nocerino to cease direct communications with Akima. *Id.* Mr. Nocerino did not respond. *Id.*

In an attempt to speak with Mr. Nocerino or the signatory of the Mahmoud II pleadings, Brett L. Kuller, Mr. Vacco called Chopra Nocerino's offices on December 1, 2020. Vacco Declaration ¶ 23. Mr. Nocerino was unavailable and the call was transferred to attorney Howard Greenwald. *Id.* He explained that Mr. Kuller had left the firm and Mr. Greenwald replaced him, but that Mr. Greenwald was familiar with both *Mahmoud I* and *Mahmoud II. Id.* Mr. Greenwald verbally agreed to an extension of time to respond in *Mahmoud II* until January 8, 2021. *Id.*

The case was then removed by the United States on January 4, 2021. Subsequent extensions moved the date to respond to the complaint to March 26, 2021. Plaintiff's counsel failed to respond to requests on March 11, 2021, and March 15, 2021, seeking that Plaintiff voluntarily dismiss the instant case in light of the video evidence. Exhibit L; Vacco Declaration ¶¶ 25-29. On March 16, 2021, Mr. Nocerino sent one reply to both of these emails but did not address or acknowledge the contents of either with respect to the video footage. *Id.* Instead, Mr. Nocerino

threatened that he would commence default proceedings and ignored the Court's March 12, 2021, grant of an extension of time to respond. *Id.*

Then, less than a month later (and after having been served with Rule 11 papers), Mr. Nocerino flatly denied any role, responsibility, or involvement in the instant case. Exhibits N and N-1 to Vacco Declaration. Specifically, on April 1, 2021, Mr. Nocerino wrote "Please E-File everything and always send to the handling attorney Howard from my office. I am not the handling attorney." Exhibit N-1, page 4. Upon being presented with his status as attorney of record on the current docket, the *Mahmoud II* docket in Kings County, and his personal correspondence regarding this very case, Mr. Nocerino continued:

> I did not file a Notice of Appearance on this case in Federal Court in the Eastern District, nor was my name on the Summons & Complaint in the Kings County Court filing. In fact it is Mr. Greenwald that has been handling everything on this matter. Please direct all inquiries to him and please be guided accordingly.

Exhibit N-1, page 2.

On April 22, 2021, Chopra Nocerino sought a 21-day extension of time to respond to the Akima Defendants' motion the day after a response had been due. Exhibit O to Vacco Declaration. Upon denial of this request, Mr. Nocerino himself contacted Mr. Macaluso to seek a one-week extension – which they then failed to observe. Exhibit P to Vacco Declaration; ¶¶ 35 to 40. To date, Plaintiff and his attorneys have provided no substantive response to notice of the instant Rule 11 motion and its claim for fees and sanctions on April 1, 2021. Exhibit M; ¶¶ 34 to 40.

<u>ARGUMENT</u>

<u>POINT I</u>: PLAINTIFF AND HIS COUNSEL HAVE REFUSED REPEATED REQUESTS TO CEASE PURSUIT OF AN OBJECTIVELY UNREASONABLE AND UNTENABLE SERIES OF CLAIMS BASED UPON UNDENIABLY FABRICATED ALLEGATIONS.

### A. The Standard for Awarding Sanctions and Costs

Rule 11 is violated when a pleading, motion or other paper "has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Sorenson v. Wolfson*, 683 F. App'x 33, 35 (2d Cir. 2017) citing *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002); *Corroon v. Reeve*, 258 F.3d 86, 92 (2d Cir. 2001); see also *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir.2000) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness."). Fed. R. Civ. P. 11 requires that "[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed" by the attorney. It then provides that:

> the signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

For example, Rule 11 is violated "where it is patently clear that a claim has absolutely no chance of success under the existing precedents." *Sorenson*, 683 F.

App'x at 35, citing *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir. 1985), superseded on other grounds by rule.

The Court can and should award costs against parties and their attorneys for vexatious conduct by its statutory authority under 28 U.S.C. § 1927 and sanction parties for bad faith litigation pursuant to the Court's inherent powers. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980); *1Cole v. Stephen Einstein & Assocs., P.C.*, 365 F. Supp. 3d 319, 336 (W.D.N.Y. 2019). This inherent power is "born of the practical necessity that courts be able 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' " *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78 (2d Cir. 2000) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)). "Sanctions under the court's inherent power are appropriate when a party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Walker v. Smith*, 277 F.Supp.2d 297, 301 (S.D.N.Y. 2003) (quoting *Chambers*, 501 U.S. at 45-46, 111 S.Ct. 2123).

## B. Rule 11 Sanctions Are Warranted Against Mr. Mahmoud Because He Fabricated The Factual Claims Contained In The Pleadings

Rule 11(b)(1) sanctions are appropriate when an attorney or party presents a pleading, written motion or other paper to the Court for "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11(b)(2) requires a party and its counsel to certify that any "the claims, defenses, and other legal contentions" in its filings "are warranted by existing law or by a nonfrivolous argument . . . " Fed. R. Civ. P. 11(b)(2). Similarly, Rule 11(b)(3) requires a party and its counsel to certify that, based on "an

inquiry reasonable under the circumstances", that the factual contentions presented in its filing "have evidentiary support." Fed. R. Civ. P. 11(b)(3).

Here, Plaintiff filed, or caused to be filed, pleadings in federal district courts on four occasions including the instant Verified Complaint. The Verified Complaint was filed on September 23, 2020, more than a year *after* video footage disproving his claims had been delivered to his counsel in June of 2019 and just six months after the fabricated nature of the claims had been the subject of a prior Rule 11 motion. Even absent the delivery of the footage at the time of filing, it is clear that the claims therein were false. The existence of the footage confirms this to be the case. After the footage was delivered to the Plaintiff, any potential[3] excuse of mistake or a failure of memory was eviscerated by the reality depicted in the footage.

After the claims were dismissed in *Mahmoud I*, the decision to pursue any of the causes of action in a different court and with the knowledge of the Security Footage lacks the protection of any well-intended attempt based on a misremembering of the actual events. Rather, it is suggestive of a desire to harass the Akima Defendants with the threat of needless litigation. It is patently clear from the video evidence of this encounter that Plaintiff's claims have "absolutely no chance of success under the existing precedents." *Sorenson*, 683 F. App'x at 35.

Pursuant to Fed. R. Civ. P. 11(c)(3), the Akima Defendants respectfully request that this Court sanction Plaintiff for the commencement and continuation of proceedings based upon false and fraudulent claims and factual assertions without

---

[3] No such justification has been offered.

any evidentiary support. Aside from his first-hand knowledge of the incident, Plaintiff has had possession of evidence that proves his pleadings facially inaccurate and untrue well before commencing *any* action. In addition, the Akima Defendants request that this Court grant the reasonable costs and attorney's fees accrued in defense of the instant action, including the costs of this motion, as well as the reasonable costs and attorney's fees accrued in defense of *Mahmoud I* retroactive to the date of commencement.

### C. Rule 11 Sanctions Are Warranted Against Plaintiff's Counsel Because Counsel Knowingly Contacted A Represented Party And Commenced And Continues to Pursue An Action That Is Objectively Unreasonable, Frivolous, And Untenable

In the Akima Defendants' November 26, 2019, Rule 11 Motion (Exhibit E to Vacco Declaration), counsel was able to empathize with the potential for Chopra Nocerino to have been led astray in commencing *Mahmoud I*, given that the existence of the video footage was unknown in April of 2018 when it was commenced. It is understandable that an advocate would pursue justice on behalf of a client on that client's word alone. No such concerns are present here, where it is undisputed that attorneys with Chopra Nocerino undertook the intentional steps of drafting and filing a new action in Kings County (*Mahmoud II*) after having been made conspicuously aware that their client's claims are fraudulent and frivolous. Doc. 1-1; See, e.g., Vacco Declaration ¶¶ 11, 15. As of the date of this motion, Chopra Nocerino has yet to dismiss the claims in the Verified Complaint or to withdraw from representation due to Plaintiff's material misrepresentations.

In addition to a complete lack of any factual or legal basis for the new filing, *Mahmoud II* presents the additional indicia of a law office actively going out of its

way to contact represented parties without their attorneys present. Rule 4.2(a) of the New York Rules of Professional Conduct states that "a lawyer shall not communicate . . . about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law. (NY ST RPC.) Rule 4.2(a) upholds this prohibition even where the represented party initiates the communication. *Id.*, Comment 3 to Rule 4.2(a). The comment to this prohibition explains that a lawyer "must immediately terminate communication with a party if after commencing communication" the lawyer learns of the representation. *Id.*

Here, Mr. Nocerino's dubious claims of service appear calculated to conceal the existence of a lawsuit so as to improperly pressure a represented party. Several months after allegedly serving process, Mr. Nocerino first communicated with the Akima Defendants regarding *Mahmoud II* in the context of a threat of default. Exhibit G to Vacco Declaration Mr. Nocerino's November 19, 2020, letter appears to be an effort to catch an unrepresented party off guard with sudden and intense threats. Mr. Nocerino's copy-and-pasted high pressure tactics (Exhibits H and I to Vacco Declaration) and unrepentant pursuit of claims he knows are not based in reality call for sanctions. It is exactly this kind of unethical conduct that the NY Rules of Professional Conduct and Rule 11 are meant to reign in.

It is clear that Mr. Nocerino knew that Lippes Mathias represented Akima with respect to claims related to the Facility. The correspondence and motions on record in *Mahmoud I* alone are sufficient to dispense with any theory that Chopra Nocerino truly had any question about the representational status of Akima. Nor

can Mr. Nocerino feign ignorance as an excuse for attempting to bully and separate a represented party from their counsel. Knowledge in this context may be inferred from the circumstances. *See* NY ST RPC Rule 1.0(k) (defining "knowledge" as applicable to Rule 4.2(a)). Of course, any hint of mere forgetfulness evaporated when Mr. Bolden included Mr. Vacco and Mr. Macaluso on the correspondence and explicitly instructed that they be contacted. Exhibit H to Vacco Declaration Upon receipt of Mr. Bolden's message on Wednesday, November 25, 2020, Mr. Nocerino waited until the following Tuesday afternoon before calling and emailing the now-even-more-obviously-represented Mr. Bolden. *Id.* Mr. Nocerino actively cut out the attorneys twice in an aggressive threat to move for default. *Id.* Mr. Nocerino had neither consent nor legal authorization to do so. As Mr. Bolden so succinctly put it:

> Please be advised that we are represented by legal counsel in this matter as I had clearly pointed out in my first email to you. It seems that I may need to appropriately advise you that your communication to me, is not only factually inaccurate, but a violation of the New York Rules of Professional Conduct.

Exhibit H to Vacco Declaration.

Unbelievably, when served with the Akima Defendants Motion for Summary Judgment on March 31, 2021, Mr. Nocerino directly denied any involvement with the case, responsibility for any of its filings, or any knowledge of the docket. In fact, Mr. Nocerino outright claimed that he was not an attorney of record. See Exhibits N and N-1 to the Vacco Declaration. Chopra Nocerino thereafter failed to timely serve any response to the motion on two occasions: first missing the date set out in the unopposed Scheduling Order adopted by this court (Doc. 18 and following Text

Order) and then a second time, despite seeking and securing an extension on on April 27, 2021 (Doc. 20). Exhibit O to Vacco Declaration; Vacco Declaration ¶ 35-40.

Consequently, this Court should hold Plaintiff's counsel accountable for the baseless, wasteful, and untenable continuation of *Mahmoud I* and commencement and continuation of this action. Plaintiff's counsel's contact of represented parties in this context evinces an intention to harass while evading the reality of the Security Footage directly refuting Plaintiff's claims. The Akima Defendants respectfully request that this Court order Plaintiff's counsel to pay attorney's fees and costs accrued in the defense of this action, including the costs of this motion, as well as those costs accrued in defense of *Mahmoud I* retroactive to the date of service of the Rule 11(c)(2) notice.

## CONCLUSION

Defendants Akima Global Services, LLC, and the individually named Detention Officers, having complied with the conditions precedent of filing this motion, respectfully request this Court issue an Order: (1) requiring Plaintiff Munther Mahmoud to show cause why the commencement and continuation of the instant action does not violate Fed. R. Civ. P. 11; (2) requiring Plaintiff's counsel to show cause why the commencement and continuation of this action, and Plaintiff's counsel's direct contact of represented parties in furtherance thereof, in light of the Security Footage directly refuting Plaintiff's claims and ethical rules governing attorneys, does not violate Fed. R. Civ. P. 11; (3) granting the reasonable costs and attorney's fees accrued in defense of the instant action, including the costs of this motion; (4) as against Plaintiff, granting the reasonable costs and attorney's fees

accrued in defense of *Mahmoud v. Akima Global Services, LLC* et al, 1:18-cv-00485-JLS retroactive to April 26, 2018; (5) as against Chopra Nocerino, Alex Nocerino, Ramy Joudeh, Brett Kuller, and Howard Greenwald, granting the reasonable costs and attorney's fees accrued in defense of *Mahmoud v. Akima Global Services, LLC* et al, 1:18-cv-00485-JLS retroactive to November 1, 2020; and (6) other such relief as this Court deems just and proper.

Dated:  May 4, 2021
    Buffalo, New York

      **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

      _____
      Dennis C. Vacco, Esq.
      Sean M. O'Brien, Esq.
      Benjamin F. Macaluso, Esq.
      50 Fountain Plaza, Suite 1700
      Buffalo, NY 14202
      P: 716-853-5100
      F: 716-853-5199
      E: dvacco@lippes.com
       sobrien@lippes.com
       bmacaluso@lippes.com
      *Attorneys for Akima Defendants*