UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

────────────────────────────────

MUNTHER MAHMOUD,

               Plaintiff,

– against –

AKIMA GLOBAL SERVICES, LLC, UNITED STATES OF AMERICA, MICHAEL T. PHILLIPS, TODD TRYON, DETENTION CENTER OFFICER, CAPTAIN VOHWINKEL, DETENTION OFFICER CAPTAIN TORRES, DETENTION OFFICER LIEUTENANT O'NEIL, DETENTION OFFICER LIEUTENANT SMITH, DETENTION OFFICER LIEUTENANT HERITAGE, DETENTION OFFICER LIEUTENANT SPIOTTA, DETENTION OFFICER LIEUTENANT KOWALSKI, DETENTION OFFICER LIEUTENANT SCIMIA, BUFFALO FEDERAL DETENTION FACILITY, HEALTH SERVICES DIRECTOR JOHN/JANE DOE, JOHN/JANE DOE PHYSICIANS, JOHN/JANE DOE PHYSICIAN ASSISTANTS, JOHN/JANE DOE NURSES, DETENTION OFFICERS JOHN DOE 1-5,

               Defendants.

────────────────────────────────

**NOT FOR PUBLICATION**

1:21-cv-13 (ERK) (JRC)

## **ORDER**

I assume familiarity with my order granting Defendant Akima Global Services, LLC's ("Akima") unopposed motion for summary judgment. *See Mahmoud v. Akima Glob. Servs., LLC*, No. 1:21-cv-13, 2022 WL 160317 (E.D.N.Y. Jan. 18, 2022). Akima had moved concurrently for Rule 11 sanctions against Plaintiff's attorneys as well as Plaintiff as the represented party. The record clearly warranted sanctions against Plaintiff's attorneys, who, as Akima argued it its motion, were "accountable for the baseless, wasteful, and untenable continuation of *Mahmoud I* and commencement and continuation of this action." ECF No. 23-1 at 16. More specifically, Plaintiff's counsel "undertook the intentional steps of drafting and filing [this] action . . . after having been made conspicuously aware that their client's claims are fraudulent and frivolous." *Id.* at 13. Indeed, as of the date the filing of the motions for summary judgment and sanctions, the firm representing Plaintiff "ha[d] yet to dismiss the claims in the Verified Complaint or to withdraw from [the] representation." *Id.* Moreover, Akima accused Plaintiff's counsel of contacting represented parties under circumstances which "evince[d] an intention to harass while evading the reality of the Security Footage directly refuting Plaintiff's claims." *Id.* at 16.

Notwithstanding the alleged misconduct of Plaintiff's counsel, Akima has withdrawn its application for sanctions against them. *See* ECF No. 42. This leaves

the motion for sanctions against Plaintiff as the represented party. The motion is denied. While Plaintiff's conduct is certainly not without fault, he was represented by counsel who were familiar with the evidence (or lack thereof) supporting the allegations in the complaint and presumably did not advise Plaintiff against proceeding. Moreover, after the motion for summary judgment was filed and after his attorneys withdrew, Plaintiff did not oppose that motion after it was served on him nor did he appeal the decision granting the motion. "[F]ining a represented party is a very severe sanction that should be imposed with sensitivity to the facts of the case and to the party's financial situation." *United States v. Milam*, 855 F.2d 739, 743 (11th Cir. 1988).

While I deny the motion for sanctions, I do admonish Plaintiff to refrain from bringing any additional lawsuit based on the facts alleged in his complaint and warn him that, should he do so, he will likely face sanctions that will include monetary penalties. *See Falso v. Gates Chili Cent. Sch. Dist.*, 408 F. App'x 494, 497 (2d Cir. 2011) (approving of such a "cautionary instruction").

                **SO ORDERED.**

                *Edward R. Korman*

Brooklyn, New York                 Edward R. Korman
March 30, 2022                 United States District Judge